```
NWOKORO & SCOLA, ESQUIRES
44 Wall Street, Suite 1218
New York, NY 10005
Tel.: (212) 785-1060
Attorneys for plaintiff
```

---------------------------------------X-----------------------------
LISA NURSE, as Administratix of         : UNITED STATES DISTRICT COURT
the Estate of DEVON HOLDER, and on      : EASTERN DISTRICT OF NEW YORK
behalf of his infant children           :
C.H and J.H and LISA NURSE,             :
individually,                           :
                                        :
           Plaintiff(s),                :
                                        :   CASE No.:_____
     against                            :
                                        :   CIVIL ACTION
                                        :
THE CITY OF NEW YORK, and POLICE        :   **COMPLAINT**
OFFICER MEHBUBUR REHAMAN,               :
                                        :
                                        :   **PLAINTIFF DEMANDS**
                                        :   TRIAL BY JURY
                                        :
                                        :
           Defendant(s).                :
---------------------------------------X-----------------------------

Plaintiff's by their attorneys, NWOKORO & SCOLA, ESQUIRES, complaining of the defendants herein, upon information and belief, respectfully show to this Court and allege as follows:

## JURISDICTION

That at all times hereinafter mentioned, plaintiffs bring this for a violation of their civil rights under 42 U.S.C.A. Sections 1981, 1983, 1985, 1986 and 1988 and within the United States Constitution and the laws of the State of New York and this Court has jurisdiction of this

1

action pursuant to 28 U.S.C.A. 1331 and 1343. Plaintiffs further invoke the supplemental jurisdiction of this Court to adjudicate pendent state claims pursuant to U.S.C. section 1367.

The amount of damages in controversy is in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00) exclusive of interests and costs. The venue is laid within the United States District for the Eastern District of New York in that the incident arose in the Eastern District of New York. Plaintiffs demand a trial by jury on each and every one of the claims pled herein.

## THE PARTIES

1. The decedent DEVON HOLDER, resided in the City of Brooklyn, County of Kings, State of New York.
2. LISA NURSE was the spouse of decedent Devon Holder and the mother of his infant children. Lisa Nurse was appointed Administratrix of the goods, chattels, and credits of decedent Devon Holder, by order of the Honorable Diana A. Johnson, Surrogate of Kings County, dated January 20, 2016.
3. C.H and J.H, are the infant children of the decedent, DEVON HOLDER.
4. The defendant, THE CITY OF NEW YORK, at all times hereinafter mentioned was a municipal corporation duly organized and existing by virtue of the laws of the State of New York.
5. That the defendant, THE CITY OF NEW YORK, maintains a police force known as the NEW YORK CITY POLICE DEPARTMENT (NYPD).
6. Defendant, POLICE OFFICER MEHBUBUR REHAMAN, at all relevant times was a police officer employed by the

defendant THE CITY OF NEW YORK. OFFICER REHAMAN is sued in his individual and official capacities and at all material times acted within the scope of his employment as a police officer and under color of state law.

## SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

7. All conditions precedent to the filing of this action have been complied with. On March 4, 2016, within ninety days after the unlawful shooting alleged in this complaint arose, a sworn written notice of claim, was served upon the defendant City of New York. The plaintiff's claim was assigned the number 2016P1007926 by the City of New York's Comptroller's office.
8. At least thirty days have elapsed since the service of the abovementioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.
9. This action, pursuant to New York State and City Law, has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTUAL ALLEGATIONS

10. That the defendant, THE CITY OF NEW YORK, its agents, servants and/or employees, operated, maintained and controlled a police force known as the New York City Police Department, (NYPD) which included Police Officer Mehbubur Rehaman.
11. That at all times hereinafter mentioned, defendant POLICE OFFICER MEHBURBUR REHAMAN was employed by the defendant THE CITY OF NEW YORK, as a police officer with NYPD.
12. That on December 7, 2015, the decedent DEVON HOLDER was lawfully in the vicinity of Guy R. Brewer Boulevard and

3

145th Avenue, in Queens, New York, when he encountered Officer Mehbubur Rehaman. Officer Rehaman pulled out his gun and without reason or provocation, shot the decedent, hitting him in the torso. After the initial gun shot, the decedent attempted to run, but Officer Rehaman followed him and shot Mr. Holder four more times in the back, without reason or provocation.

13. That the shooting of the plaintiff, decedent DEVON HOLDER, was without probable cause.
14. That the aforementioned shooting, was performed knowingly, intentionally and wilfully.
15. That the aforementioned shooting was performed negligently and recklessly.
16. The aforementioned shooting was performed without reason or provocation.
17. The aforementioned shooting resulted in the death of the plaintiff, decedent DEVON HOLDER.
18. The actions of defendant POLICE OFFICER MEHBURBUR REHAMAN were performed within the scope of his employment and authority and defendant THE CITY OF NEW YORK is liable for those actions under the doctrine of respondeat superior.
19. By reason of said shooting, plaintiff DEVON HOLDER was caused to suffer severe physical injuries and pain and suffering resulting in death; pre death pain and suffering, emotional and psychological distress and horror.

**AS A FIRST CAUSE OF ACTION ON BEHALF OF LISA NURSE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DEVON HOLDER, AND ON BEHALF OF HIS INFANT CHILDREN, C.H AND J.H, FOR WRONGFUL DEATH**

20. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through

19 of this complaint as though fully set forth herein.

21. That on December 7, 2015, the plaintiff, decedent DEVON HOLDER, was lawfully in the vicinity of Guy R. Brewer Boulevard and 145th Avenue, Queens, New York, when he was caused to be shot multiple times resulting in his death, by defendant POLICE OFFICER MEHBURBUR REHAMAN.

22. That the shooting of the plaintiff decedent, DEVON HOLDER, was without probable cause.

23. That the aforementioned shooting was performed knowingly, intentionally and willfully.

24. The aforementioned shooting was performed negligently and recklessly.

25. The aforementioned shooting was performed without reason or provocation.

26. The aforementioned shooting resulted in the death of the plaintiff decedent, DEVON HOLDER.

27. That at all times hereinafter mentioned, defendant POLICE OFFICER MEHBURBUR REHAMAN, engaged in the actions and conduct alleged herein in his official capacity as a New York City Police Officer and under color of State law, regulation, ordinance, custom and usage.

28. That such actions served to deprive the plaintiff, decedent DEVON HOLDER , of the rights and privileges of the United States Constitution, the Fourteenth Amendment of the U.S. Constitution and Sec. 1983 of 42 U.S.C. In particular, he was deprived of his right to due process of law, his right to happiness, to liberty, to be free from physical injury and the unwarranted use of physical force, and ultimately, to the most fundamental right –his right to life.

29. The defendant, THE CITY OF NEW YORK, has as a matter of policy and practice and with deliberate indifference failed to adequately train, supervise, discipline, sanction or

5

otherwise direct its police officers, including OFFICER REHAMAN, regarding the protection of the constitutional rights of citizens and more importantly, failed to tear down the blue wall of silence so as to force the disclosure of these constitutional abuses and take corrective measures.

30. Such policy, practice and deliberate indifference have been described in excruciating detail in the various investigations and commissions into the New York City Police Department. It has served to encourage and sanction the police officer's unlawful conduct described above, and was a proximate cause of the violations of decedent DEVON HOLDER'S rights on December 7, 2015.

31. By reason of the foregoing, the plaintiffs, LISA NURSE, individually, and as Administratrix of the Estate of DEVON HOLDER, deceased, and on behalf of his infant children C.H AND J.H, demands judgment for wrongful death against the defendants, THE CITY OF NEW YORK and POLICE OFFICER MEHBURBUR REHAMAN in a sum to be determined.

**AS A SECOND CAUSE OF ACTION ON BEHALF OF LISA NURSE INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DEVON HOLDER, DECEASED, AND ON BEHALF OF HIS INFANT CHILDREN C.H AND J.H, FOR NEGLIGENCE**

32. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 31 of this complaint as though fully set forth herein.

33. That said incident and the injuries resulting therefrom were caused solely by the negligence, carelessness, and recklessness of defendants, THE CITY OF NEW YORK and POLICE OFFICER MEHBURBUR REHAMAN, both directly and vicariously.

34. Such negligence consisted of negligence in training, hiring, supervision and retention of Officer Rehaman; in

failing to observe existing police department protocols for police officers/detectives designed to govern the use of deadly force causing the serious injuries both physical and emotional resulting in death, discrimination arising and resulting out of a shooting of the plaintiff Devon Holder, and further, deprived plaintiff Devon Holder of civil rights, privileges and immunities secured under the Constitution of the United States of America and the State of New York; in failing to use care in the performance of police duties as reasonably prudent and careful police officers/detectives would have used in similar circumstances; in hiring and retaining persons who were unfit to serve as police officers/detectives; in failing to properly investigate their background; in failing to train and instruct police officers/detectives, especially regarding the abuse of power while in the field; in failing to give police officers/detectives proper instructions on the use of force, use of firearms including proper discharge of said weapons; in failing to give police officers/detectives proper training regarding the phenomenon known as "contagious shooting" in their training and instruction, more specifically with regards to their training as to the use of firearms in public; improperly supervised police officers/detectives, in the field, including POLICE OFFICER MEHBURBUR REHAMAN, which allowed the shooting of the plaintiff decedent DEVON HOLDER, and resulted in his death.

35. That the defendant THE CITY OF NEW YORK was further negligent in failing to investigate and or properly investigate the aforesaid shooting, said negligence includes but is not limited to the failure to administer a breathalyzer test and drug test to OFFICER REHAMAN, and

7

failing to timely question OFFICER REHAMAN.

36. As a result of said negligence, the plaintiff decedent DEVON HOLDER, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre death pain and suffering, emotional and psychological distress, and horror.

37. By reason of the foregoing, the plaintiffs, LISA NURSE, individually and as Adminstratrix of the Estate of DEVON HOLDER, deceased, and on behalf of his infant children, C.H and J.H, demands judgment for negligence against the defendants THE CITY OF NEW YORK and POLICE OFFICER MEHBURBUR REHAMAN in a sum to be determined.

**AS A THIRD CAUSE OF ACTION BY LISA NURSE INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DEVON HOLDER, DECEASED AND ON BEHALF OF HIS INFANT CHILDREN C.H AND J.H, AGAINST THE CITY OF NEW YORK FOR NEGLIGENT HIRING AND RETENTIION**

38. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 37 of this complaint as though fully set forth herein.

39. The defendant, THE CITY OF NEW YORK, did not exercise reasonable care and diligence in the selection, engagement, employment and training of its agents, servants, and employees and were negligent in the hiring, training and retention of defendant POLICE OFFICER MEHBURBUR REHAMAN, so as to cause the death of DEVON HOLDER.

40. That the defendant THE CITY OF NEW YORK had prior knowledge of the inappropriate, unlawful and improper conduct of POLICE OFFICER MEHBURBUR REHAMAN, and continued to employ him and allowed him to be in contact with the public at

large.

41. By reason of the foregoing, the plaintiffs, LISA NURSE individually and as administratrix of the estate of DEVON HOLDER deceased, and on behalf of his infant sons C.H AND J.H, demands judgment against the CITY OF NEW YORK, for negligent hiring and retention, in a sum to be determined.

**AS A FOURTH CAUSE OF ACTION BEHALF OF LISA NURSE, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DEVON HOLDER, DECEASED, AND ON BEHALF OF HIS INFANT CHILDREN, C.H AND J.H, AGAINST BOTH DEFENDANTS, FOR CIVIL RIGHTS VIOLATION, 4th AND 14TH AMENDMENTS, PURSUANT TO-42 USCA 1983**

42. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.

43. The defendants THE CITY OF NEW YORK, and POLICE OFFICER MEHBURBUR REHAMAN, acting under color of state law and within the scope of their authority, assaulted and battered the plaintiff, decedent DEVON HOLDER, in violation the 4th and 14th Amendments of the U.S. Constitution, as well as other applicable State and Federal Laws.

44. The defendants, THE CITY OF NEW YORK, and POLICE OFFICER MEHBURBUR REHAMAN, acting under color of state law and within the scope of their authority, deprived the plaintiff, decedent DEVON HOLDER, of his right to be free from unreasonable and excessive force and unreasonable search and seizure without due process.

45. The defendants further violated the civil rights of the plaintiff, decedent DEVON HOLDER, by conspiring to cover up the shooting of the plaintiff, decedent DEVON HOLDER. Defendants engaged in a fabrication as to the acts and

events leading up to and resulting in the shooting of the plaintiff, decedent DEVON HOLDER.

46. That the defendant's actions were not privileged or immune.
47. By reason of the foregoing, the plaintiffs, LISA NURSE, individually, and as Administratrix of the Estate of DEVON HOLDER, deceased, and on behalf of his infant children, C.H and J.H, demands judgment for civil rights violation against the defendants, THE CITY OF NEW YORK and POLICE OFFICER MEHBURBUR REHAMAN, in a sum to be determined.

**AS A FIFTH CAUSE OF ACTION ON BEHALF OF LISA NURSE INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DEVON HOLDER DECEASED AND ON BEHALF OF HIS INFANT CHILDREN C.H AND J.H AGAINST BOTH DEFENDANTS FOR ASSAULT AND BATTERY**

48. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.
49. That on December 7, 2015 and at all times hereinafter mentioned, and upon information and belief, plaintiff decedent, DEVON HOLDER, was shot without reason or provocation, resulting in serious injuries and death, by POLICE OFFICER MEHBURBUR REHAMAN, as an agent, servant and/or employee of THE CITY OF NEW YORK.
50. The aforementioned shooting was performed knowingly, intentionally and willfully.
51. That POLICE OFFICER MEHBURBUR REHAMAN was acting within the scope of his employment with the defendant THE CITY OF NEW YORK, when he shot and killed DEVON HOLDER.
52. That the shooting of plaintiff decedent DEVON HOLDER was without probable cause.
53. By reason of said assault and battery, the plaintiff,

decedent, DEVON HOLDER, was caused to suffer severe physical injuries and pain and suffering resulting in death, including pre-death pain and suffering, emotional and psychological distress and horror.

54. By reason of the foregoing, the plaintiffs, LISA NURSE, individually, and as Administratrix of the Estate of DEVON HOLDER, deceased, and on behalf of his infant children C. H AND J.H, demands judgment for assault and battery against the defendants THE CITY OF NEW YORK and POLICE OFFICER MEHBURBUR REHAMAN, in a sum to be determined.

### AS A SIXTH CAUSE OF ACTION ON BEHALF OF LISA NURSE INDIVIDUALLY AND AS ADMINSTRATRIX OF THE ESTATE OF DEVON HOLDER DECEASED AND ON BEHALF OF HIS INFANT CHILDREN C.H AND J.H, FOR PUNITIVE DAMAGES

55. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.
56. The actions of the defendants herein above alleged were malicious, wilfull and grossly negligent.
57. The defendant THE CITY OF NEW YORK, authorized, permitted, and ratified the unlawful and negligent acts of POLICE OFFICER MEHBURBUR REHAMAN, herein above alleged.
58. By reason of the foregoing, the plaintiffs, LISA NURSE, individually and as administratrix of the estate of DEVON HOLDER deceased, and on behalf of his infant children, C. H and J.H, demands judgment for punitive damages against the defendants THE CITY OF NEW YORK and POLICE OFFICER MEHBURBUR REHAMAN, in a sum to be determined.

## AS A SEVENTH CAUSE OF ACTION ON BEHALF OF C.H and J.H, INFANT CHILDREN OF FATHER AND NATURAL GUARDIAN DEVON HOLDER AGAINST BOTH DEFENDANTS, FOR LOSS OF SERVICES

59. By this reference, the plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60. At all times hereinafter mentioned, the plaintiffs C. H and J.H, were the infant sons of decedent DEVON HOLDER, and resided with him and were entitled to his services, society, comfort and affection.

61. As a result of the defendant's negligence, defendant's assault and battery, defendant's negligent hiring and retention, and defendant's violation of the decedent's constitutional rights resulting in the death of DEVON HOLDER, plaintiffs C.H. and J.H, have been deprived of the services, society and support of their late father, DEVON HOLDER, for ever.

62. By reason of the foregoing, the plaintiffs, C.H and J.H, acting through their mother and natural guardian, LISA NURSE, demand judgment against THE CITY OF NEW YORK, and MEHBURBUR REHAMAN, for loss of services, society, comfort, and affection of their father, DEVON HOLDER, in a sum to be determined.

## AS AN EIGHTH CAUSE OF ACTION ON BEHALF OF C.H AND J.H, INFANT CHILDREN OF FATHER AND NATURAL GUARDIAN DEVON HOLDER, AGAINST BOTH DEFENDANTS, FOR LOSS OF GUIDANCE.

63. By this reference, plaintiffs incorporates each and every allegation and averment set forth in paragraphs 1 through 62 of this complaint as though fully set forth herein.

64. That at all times hereinafter mentioned, the plaintiffs C.H and J.H, were the infant sons of decedent DEVON HOLDER, who provided support, maintenance, parental nurture and care, and the physical, moral and intellectual training and guidance prior to this occurrence.

65. As a result of the defendant's negligence, assault and battery, negligent hiring and retention, and violation of the decedent's constitutional rights, C.H and J.H, have been deprived of the support, maintenance, parental nurture and care, and the physical, moral and intellectual training and guidance of their father, forever.

66. By reason of the foregoing, plaintiff LISA NURSE, as mother and natural guardian of infants, C.H and J.H, and on their behalf, demands judgment for loss of guidance, support, maintenance, parental nurture and care, and the physical, moral and intellectual training, against the defendants THE CITY OF NEW YORK, and POLICE OFFICER MEHBURBUR REHAMAN, in a sum to be determined.

**WHEREFORE**, plaintiff respectfully requests judgment against the Defendants as follows:

1. For compensatory damages against all defendants in an amount to be proven at trial;
2. For exemplary and punitive damages against all defendants in an amount to be proven at trial;
3. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;
4. For such other and further relief as the court deems proper.

Dated: December ___4__, 2016,
       New York, New York

                                    _____/S/_____
                                    Chukwuemeka Nwokoro, Esq.
                                    Nwokoro & Scola, Esquires
                                    Attorney for Plaintiff
                                    44 Wall Street, Suite 1218
                                    New York, New York 10005
                                    Tel. (212) 785-1060

Dated: December ___4__, 2016,